# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEDDY CHESTER,**<br>Petitioner | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-17754** |
| **DARREL VANNOY,**<br>Respondent | **SECTION: "E" (3)** |

## ORDER

On April 6, 2017, Petitioner, Teddy Chester, filed a motion to dismiss his habeas corpus counsel seeking to represent himself.[1] Pursuant to the Court's Order,[2] Mr. Chester's appointed counsel filed a response in opposition to the motion to dismiss counsel.[3] Thereafter, Mr. Chester filed a reply in further support of his motion to dismiss his habeas counsel.[4] After considering the pleadings, the Court denied the motion.[5] Mr. Chester now asks the Court to reconsider its ruling.[6] For the reasons that follow, Mr. Chester's motion seeking reconsideration is **DENIED**.

## ANALYSIS

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[7]

---

[1] R. Doc. 15. On April 12, 2017, Mr. Chester filed a supplemental motion to dismiss. R. Doc. 17. The supplemental motion is simply a typed version of the original motion.
[2] R. Doc. 16.
[3] R. Doc. 24.
[4] R. Doc. 25.
[5] R. Doc. 26.
[6] R. Doc. 49.
[7] *See, e.g., id.* at *3–4 ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[8] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[9] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[10] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[11]

In deciding motions under the Rule 59(e) standards, the courts in this district consider the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[12]

In this case, the arguments Mr. Chester presents in his motion for reconsideration are the same arguments he made in his initial motion.[13] Thus, Mr. Chester's motion to

---

[8] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[9] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[10] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[11] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).
[12] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[13] R. Doc. 49.

reconsider does not meet any of the necessary Rule 59(e) factors. As the Court stated in its prior order, self-representation would not be in Mr. Chester's best interest.[14] Considering the complexity of capital habeas litigation, self-representation will likely be detrimental to Mr. Chester.[15] "Congress' provision of a right to counsel [for federal petitioners challenging a state death sentence] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of the seriousness of the possible penalty and . . . the unique and complex nature of the litigation."[16]

The Court notes that in connection with his original motion to dismiss counsel, Mr. Chester's current counsel presented voluminous evidence of Mr. Chester's "cyclical vacillations" with respect to his desire to represent himself or to have appointed counsel in his post-conviction litigation.[17] Based on Mr. Chester's history and the factual findings of the state district court,[18] it remains apparent to the Court that Mr. Chester has equivocated repeatedly on these important issues.

Given Mr. Chester's vacillations and the diminished state of his mental capacity, the Court reiterates its finding that it will ensure judicial efficiency and promote a fair

---

[14] R. Doc. 26 at 2.
[15] *See McFarland v. Scott*, 512 U.S. 849, 854 (1994).
[16] *Id.*
[17] *Compare State ex rel. Chester v. State*, 12-1225 (La. 11/2/12); 99 So. 3d 664 (denying writ from motion to waive counsel); *State ex rel. Chester v. State*, 13-0906 (La. 6/26/13), 118 So. 3d 429 (denying writ from motion to waive counsel and appeals); *State ex rel. Chester v. State*, 13-3014 (La. 4/11/14), 137 So. 3d 1216 (denying writ from motion to compel counsel to perform duties); *State v. Chester*, 14-1966 (La. 10/24/14), 151 So. 3d 610 (denying writs from letter regarding grievances with counsel); *State v. Chester*, 15-2123 (La. 12/16/16), 207 So. 3d 1044 (denying review of motion to waive appeals); *with* R. Doc. 24-1 at 8–9 (motion requesting "appointment of a diligent lawyer to represent [Mr. Chester] during the remaining . . . post-conviction relief"); R. Doc. 24-2 at 10 (motion to withdraw request for self-representation, allowing Sarah Ottinger of the Capital Appeals Project to be appointed); R. Doc. 24-2 at 36 (motion to discharge counsel for "state post-conviction appeals Only!" and reserving rights to appointed counsel for federal post-conviction review) (emphasis in original).
[18] *See, e.g.*, R. Doc. 24-2 at 38.

result for the proceedings for the Court to deny Mr. Chester's motion to represent himself in his federal habeas corpus action.[19]

Accordingly;

**IT IS ORDERED** that the motion to reconsider filed by Petitioner, Teddy Chester,[20] is **DENIED**.

**New Orleans, Louisiana, this 9th day of April, 2018.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[19] *See St. Pierre v. Cowan*, 217 F.3d 939, 950 (7th Cir. 2000) ("[N]ot only the defendant but society as a whole has a particularly strong interest in the regularity of the proceedings that are followed; there is no un-doing a sentence of death once it is carried out. These proceedings will go forward more quickly, and they will conclude in a result recognized by all to be legitimate" if the court takes a prior retraction of waiver as the final word).

[20] R. Doc. 49.