# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| TEDDY CHESTER, | CIVIL ACTION |
| :--- | :--- |
| Petitioner | |
| VERSUS | NO. 16-17754 |
| DARREL VANNOY, | SECTION: "E" (3) |
| Respondent | |

## ORDER

Before the Court is a Motion for Additional Time to Retry Petitioner filed by Respondent Darrel Vannoy.[1] On June 11, 2018, the Court granted a Writ of Habeas Corpus filed by Petitioner Teddy Chester.[2] The Court ordered the State of Louisiana to either retry Chester or release him from state custody within 120 days.[3] For the reasons that follow, the Court **GRANTS** the motion. The State of Louisiana must either retry Chester or release him from state custody by no later than November 15, 2018.

## BACKGROUND

On June 11, 2018, the Court granted a Writ of Habeas Corpus filed by Petitioner Teddy Chester ordering the State of Louisiana to either retry Chester or release him from state custody within 120 days.[4] This Court retains jurisdiction over its conditional writ of habeas corpus until the writ has been satisfied.[5] This Court's grant of additional time is reviewed for abuse of discretion.[6]

Chester's state court trial originally was set to begin on September 17, 2018.[7]

---

[1] R. Doc. 68.
[2] R. Doc. 52.
[3] R. Doc. 52 at 1.
[4] R. Doc. 52 at 1. October 9, 2018 is 120 days from the Court's order.
[5] *Weary v. Cain*, 587 Fed. App'x 797, 799 (2014); *Gibbs v. Frank*, 500 F.2d 202, 205 (3d Cir. 2007).
[6] *Weary*, 587 Fed. App'x at 799.
[7] R. Doc. 74-4.

1

However, the State moved to continue the trial date.[8] On September 19, 2018, the trial court denied the State's motion for a continuance, and on September 20, 2018 the trial court denied reconsideration of that motion.[9] The State applied for a writ to the Louisiana Supreme Court.[10] The Louisiana Supreme Court, sua sponte, issued a stay of all proceedings until Monday, September 24, 2018 pending resolution of several writs before it.[11] The Louisiana Supreme Court ruled on the pending writs and lifted the stay on September 21, 2018.[12] The State again filed a motion for a continuance with the state trial court on September 24, 2018, which was granted.[13] The trial court set the trial to commence on Monday, October 29, 2018.[14]

Rule 60(b) provides that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[15]

The purpose of Rule 60(b) "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[16] The Court will grant relief under Rule 60(b)(6), only upon a showing of "extraordinary

---

[8] R. Doc. 74-20.
[9] R. Doc. 74-20; R. Doc. 74-21 at 4-5.
[10] R. Doc. 74-21 at 5.
[11] In addition to a writ on the denial of the motion to continue, the Louisiana Supreme Court also had writs on several evidentiary issues pending before it. R. Doc. 74 at 22-23.
[12] *State v. Chester,* No. 18-KK-1565 (La. 9/21/18); *see also* News Release No. 44, Clerk of Supreme Court of Louisiana, http://www.lasc.org/news_releases/2018/2018-044.asp.
[13] R. Doc. 74-27.
[14] R. Doc. 74-27 at 35.
[15] Fed. R. Civ. P. 60(b)(1)-(6).
[16] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

circumstances."[17] In *Buck v. Davis*, the Supreme Court explained that, in determining whether a movant has demonstrated "extraordinary circumstances," courts may consider a "wide range of factors," which may include "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'"[18] Additionally, the Fifth Circuit has articulated several factors relevant to the Rule 60(b)(6) analysis, including whether the motion was filed within a reasonable time.[19] The Fifth Circuit has explained, "that the rule should be liberally construed in order to achieve substantial justice."[20]

In this case, substantial justice will be served by allowing the State additional time to retry Petitioner. The complexity and volume of pretrial proceedings, including the writs taken to the state appellate courts, are reasons justifying relief from the Court's original conditional Writ of Habeas Corpus. Also important to the Court's decision is that the State moved for additional time to retry petitioner *before* violating the Court's order.

**IT IS ORDERED** that the motion to continue filed by Respondent,[21] is **GRANTED**. The State must either retry Chester or release him from state custody by no later than November 15, 2018.

**New Orleans, Louisiana, this 1st day of October, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[17] *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).
[18] 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988).
[19] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).
[20] *Id.*
[21] R. Doc. 68.